UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
JEREMY WILSON, :
:
                Plaintiff, :   13-cv-05997 (NSR)
  -against- :   OPINION AND ORDER
:
NEW ROCHELLE POLICE DEPARTMENT, :
:
                Defendant. :
------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge

    On August 22, 2013, Plaintiff Jeremy Wilson, proceeding *pro se*, filed a complaint against the New Rochelle Police Department. Before the Court is Defendant's motion for summary judgment, or, in the alternative, striking the pleadings and dismissing the complaint pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(iii) for failure to provide any discovery. For the following reasons, the Court DISMISSES this action with prejudice.

I.      **Facts**

    Plaintiff alleges that on August 11, 2013, he was pulled over by the New Rochelle police who "violated [his] civilian rights" and performed an unlawful search and seizure of his vehicle. He further alleges that he was "maliciously prosecuted and wrongfully imprisoned."

    On March 4, 2014, Magistrate Judge Smith ordered Plaintiff to respond to Defendant's document demands by March 6, 2014 and to Defendant's interrogatories by April 7, 2014 ("March 4, 2014 Order"). Plaintiff failed to respond to the interrogatories following this order from the Court.



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/3/2014

1

Defendant requested a pre-motion conference as required by Rule 3.A. of the undersigned's Individual Practices in Civil Cases, which was held on April 3, 2014. Plaintiff did not appear at this conference. At the conference, the Court set a motion schedule whereby Plaintiff's opposition to Defendant's motion was due to be served on May 27, 2014. On May 30, 2014, Defendant filed its motion, which is unopposed by Plaintiff.

## II.     Legal Standard

On a motion for summary judgment, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of pointing to evidence in the record, "including depositions, documents . . . [and] affidavits or declarations," Fed. R. Civ. P. 56(c)(1)(A), "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may support an assertion that there is no genuine dispute by "showing . . . that [the] adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the moving party fulfills its preliminary burden, the onus shifts to the nonmoving party to raise the existence of a genuine issue of material fact. Fed. R. Civ. P. 56(c)(1)(A); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

When an adverse party does not respond to a motion for summary judgment, "summary judgment, if appropriate, shall be entered against the adverse party." Fed. R. Civ. P. 56(e); *see also United States Liab. Ins. Co. v. P. Mahoney Contracting Corp.,* No. 95 CIV. 9108(MGC), 1998 WL 895750, *1 (S.D.N.Y. December 21, 1998) (even when summary judgment motion is

unopposed, "judgment should not be granted in circumstances contrary to law"). "In an unopposed motion for summary judgment, plaintiff's recitation of the facts is assumed to be true." *Universal TV Distrib. Holdings LLC v. Walton*, No. 03 Civ. 9133(GBD), 2004 WL 2848528, at *2 (S.D.N.Y. Dec. 9, 2004).

"After giving notice and a reasonable time to respond, the court may consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." Fed. R. Civ. P. 56(f)(3).

**III.    Discussion**

Defendant seeks to dismiss this case by way of a motion for summary judgment. Here, the only material to be considered by the Court is the pleadings. In its motion for summary judgment, Defendant provided the court only the complaint, answer, and docket sheet. No discovery has taken place in this action, but this does not bar a district court from entering a judgment. *See, e.g.*, *Conn. Nat'l Bank v. Trans World Airlines, Inc.*, 762 F. Supp. 76, 79 (S.D.N.Y. 1991). While it is true that "courts generally are reluctant to grant summary judgment when the non-moving party has not had an adequate opportunity for discovery," *id.*, Plaintiff here has had an opportunity to conduct discovery and has failed to do so.

"Under New York law, departments which are merely administrative arms of a municipality, do not have a legal identity separate and apart from the municipality and cannot sue or be sued." *Hall v. City of White Plains*, 195 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) (citations omitted). Police departments are just such administrative arms of their corresponding municipality. *Baker v. Willett*, 42 F. Supp. 2d 192, 198 (N.D.N.Y. 1999). The New Rochelle Police Department is not a suable entity and therefore this action must be dismissed. *See Qadar*

*v. People of the State of N.Y.*, 396 F. Supp. 2d 466, 469 (S.D.N.Y. 2005) ("[T]he New Rochelle Police Department is not a suable entity.").

Alternatively, the Court finds that there is ample reason to dismiss this action under Federal Rule of Civil Procedure 37(b)(2)(A)(v)[1] for failure to comply with a court order. Plaintiff failed to comply with Judge Smith's March 4, 2014 Order to respond to Defendant's document demands and interrogatories. Additionally, on March 5, 2014, Magistrate Judge Smith ordered Plaintiff to appear at all conferences scheduled by the Court. Plaintiff failed to appear at a scheduled conference before the undersigned on April 3, 2014 and failed to appear at a scheduled conference before Magistrate Judge Smith on April 10, 2014.

## IV.  Conclusion

Accordingly, this case is dismissed. The Clerk of the Court is respectfully requested to terminate the motion, Docket No. 17, and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Opinion and Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438 444-45 (1962).

Dated: June 3, 2014  
White Plains, New York

SO ORDERED:

_____  6/3/14  
NELSON S. ROMÁN  
United States District Judge

---

[1] The Rule provides that sanctions may be sought:

> (A) For Not Obeying a Discovery Order. If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
> . . .
> (v) dismissing the action or proceeding in whole or in part[.]

Fed. R. Civ. P. 37(b)(2)(A)(v).

4