UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
       :
JEREMY WILSON,       :
       :
                     Plaintiff,       :       13-cv-05997 (NSR)
   -against-       :       OPINION AND ORDER
       :
NEW ROCHELLE POLICE DEPARTMENT,       :
       :
                     Defendant.      :
----------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge

On June 3, 2014, this Court dismissed this case upon motion of Defendant. The motion was unopposed by Plaintiff. Currently before the Court is Plaintiff's "Motion to Reopen the Case." The Court construes this motion to be a motion for reconsideration of the Court's June 3, 2014 Opinion ("June 3 Opinion").[1] The Court assumes familiarity with the facts of this case.

### I. Motion for Reconsideration Standard

Motions for reconsideration are governed by Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b). The standard for granting a motion for reconsideration pursuant to Local Rule 6.3 is strict. *Targum v. Citrin Cooperman & Conipany, LLP*, 2013 WL 6188339, at *1 (S.D.N.Y. Nov. 25, 2013). They are "addressed to the sound discretion of the district court[.]" *Mendell ex rel. Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990). A motion to reconsider "is not a vehicle for . . . presenting the case under new theories . . . or otherwise taking a 'second bite at the apple . . . .'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998); *see also Nat'l*

---

[1] *See Meilleur v. Strong*, 682 F.3d 56, 60 (2d Cir. 2011) (construing "motion to reopen case" as a motion for reconsideration under Fed. R. Civ. P. 60(b)).





Copies mailed/faxed 7/15/2014

Chambers of Nelson S. Román, U.S.D.J.

1

*Union Fire Ins. Co. of Pittsburgh, PA v. Stroh Cos.*, 265 F.3d 97, 115 (2d Cir. 2001) (in moving for reconsideration, "'a party may not advance new facts, issues, or arguments not previously presented to the Court.'" (quoting *Polsby v. St. Martin's Press*, No. 97 Civ. 690(MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (Mukasey, J.)). They "'will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.'" *Analytical Surveys*, 684 F.3d at 52 (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Reconsideration of a Court's previous order is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Initial Pub. Offering Sec. Litig.*, 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005) (internal citation and quotation omitted), *aff'd sub nom. Tenney v. Credit Suisse First Boston Corp.*, Nos. 05 Civ. 3430, 05 Civ. 4759, & 05 Civ. 4760, 2006 WL 1423785, at *1 (2d Cir. 2006).

## II.  Discussion

Plaintiff's motion requests that the Court reopen the case on the basis that he has a constitutional right to a jury trial. "But the right to a jury trial is not merely a matter of submitting a complaint to a court one day and then empanelling a jury the next." *Huelbig v. Aurora Loan Servs., LLC*, No. 10 Civ. 6215(RJH)(THK), 2011 WL 4348275, at *1 (S.D.N.Y. Sept. 16, 2011). In the United States federal judicial system, it is the role of the jury to resolve disputed questions of fact, but the judge determines questions of law. *Id.* "If the plaintiff's case lacks merit as a matter of law even if he manages to prove all of the facts he says he will in his complaint, the judge may find for the defendant without submitting the case to a jury." *Id.*

Here, the Court determined that as a matter of law, Plaintiff's complaint lacked merit and dismissed the case on that basis. Therefore, the Seventh Amendment does not apply. Plaintiff does not point to any facts or controlling law that the Court overlooked in its June 3 Opinion.

### III. Conclusion

Accordingly, Plaintiff's motion for reconsideration is denied. The Clerk of the Court is respectfully requested to terminate this motion, Docket No. 23.

Dated: July 15, 2014           SO ORDERED:

White Plains, New York

                                      NELSON S. ROMÁN  
                                      United States District Judge